UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULHAKIM MOHAMED,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

/

Case No. 1:26-cv-2220

Honorable Paul L. Maloney

**OPINION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1), and a brief in support of the petition. (Br. Supp., ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner from custody. (Pet., ECF No. 1, PageID.7.)

In an order entered on August 5, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondent filed his response on August 10, 2026, (ECF No. 6).

## II. Relevant Factual Background

On June 29, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Mohamed v. Raycraft* (*Mohamed I*), No. 1:26-cv-1959 (W.D. Mich.). In *Mohamed I*, the Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. Op. & Jud., *Mohamed I*, (W.D. Mich. July 15, 2026), (ECF Nos. 9, 10).

In *Mohamed I*, the Court summarized the relevant factual background as follows:

> Petitioner is a native and citizen of Somalia. (Pet., ECF No. 1, PageID.10.) On August 14, 2024, the United States Citizenship and Immigration Services (USCIS) terminated Petitioner's asylum status, stating that his December 2021 federal conviction constituted an aggravated felony, in violation of INA § 101(a)(43)(B). (Anderson Decl. ¶ 11, ECF No. 5-1, PageID.25–26.) On August 25, 2025, ICE arrested Petitioner upon his release from federal prison and placed him at the North Lake Processing Center. (*Id.* ¶ 12, PageID.26.)
>
> At that time, the Department of Homeland Security (DHS) charged Petitioner with removability pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) "for having been convicted of aggravated felony drug trafficking and conspiracy offenses, in violation of INA §§ 101(a)(43)(B) and (U); and removability under INA § 237(a)(2)(B) for having been convicted of a violation of any law or regulation relating to a controlled substance." (*Id.* ¶ 13, PageID.26.)
>
> On January 30, 2026, the Detroit Immigration Court ordered Petitioner to be removed to Somalia. (*Id.* ¶ 14, PageID.26.) Petitioner did not file an appeal, "resulting in a final order of removal upon expiration of the appeal period" on March 1, 2026. (*Id.*) On June 12, 2026, ICE issued Petitioner a travel document for Somalia, which expires on September 1, 2026. (*Id.*, ¶ 21, PageID.27.) ICE has scheduled Petitioner "for a commercial removal flight to Somalia on July 31, 2026." (*Id.*, ¶ 22, PageID.28.)

Op., *Mohamed I*, (W.D. Mich. July 15, 2026), (ECF No. 9, PageID.72) (citations omitted). In the response to Petitioner's current habeas petition (*Mohamed II*), Respondent states that Petitioner was removed from the United States to Somalia on July 31, 2026, and that Petitioner was no longer in the custody of Respondent. (Resp., ECF No. 6, PageID.20–21, ICE Case Closure Form, ECF No. 6-1, PageID.23.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondent to release Petitioner from custody. (Pet., ECF No. 1, PageID.7.) After initiating this action, Petitioner was removed from the United States to Somalia and is no longer in Respondent's custody. (Resp., ECF No. 6, PageID.20–21, ICE Case Closure Form, ECF No. 6-1, PageID.23.)

Because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondent, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 14, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge